State vs. Fuselier.

## No. 13,230.

### STATE OF LOUISIANA VS. JAMES FUSELIER AND FELIX OLIVIER.

#### SYLLABUS.

In the absence of a bill of exceptions the Supreme Court can not arrive at a knowledge of what was or was not proved in the court of a criminal trial. Statements in a motion for new trial and in the reasons of the judge for refusing the same are not equivalent to a bill of exception in informing the appellate tribunal upon the evidence adduced in the court below.

ON APPEAL from the Nineteenth Judicial District Court for the Parish of St. Martin. *Voorhies, J.*

*M. J. Cunningham,* Attorney General, and *James Simon,* District Attorney, for the Plaintiff and Appellee.

*J. E. Mouton* for the Defendant and Appellant.

Submitted on briefs June 24, 1899.
Opinion handed down June 26, 1899.

The opinion of the court was delivered by

NICHOLLS, C. J. The present appeal has reference to the verdict of the jury and the judgment of the court of St. Martin as concerns the defendant, Felix Olivier; the appeal taken by James Fuselier from the verdict and judgment against him having been already passed upon by this court.

James Fuselier and Felix Olivier were jointly indicted for the murder of one Felix John. The jury found them guilty of manslaughter and recommended them to the mercy of the court. The District Court sentenced Olivier to pay a fine of one dollar, and to imprisonment at hard labor for two years, and he appealed.

He had prior to judgment, moved for a new trial, which was overruled. The minutes show the overruling of the motion, and state that defendant reserved a bill of exception to this ruling, but there is no bill found in the record.

In the application for a new trial his counsel made a statement of facts claimed to have been shown on the trial of the cause. Ac-

cording to this statement, Olivier accompanied Fuselier to the house of Felix John's mother, for the sole purpose on the part of Fuselier, as he supposed, of asking the mother to correct her son for having cursed and insulted his daughter. When they reached the house a conversation took place between the mother and Fuselier, the latter insisting that the boy should be punished, and the mother refusing to do so. The boy, who was present at the time, started to run, and when he had run about fifteen steps the gun in the hands of Fuselier was discharged or fired, the shot from the gun (bird shot No. 12), taking effect on John's person. At this time Olivier stood a distance off from Fuselier, and John's mother, having taken no part in the conversation and having at no time and in no manner engaged in the difficulty, and doing no deed and having committed no act in the least unlawful, or in any way criminal. From the time of their arrival at the mother's house to the time of their departure, and during the time they remained there, the State's evidence proved that Olivier took no part in the affair, and did not so much as speak or utter a single word. There was but one wound inflicted, and that wound was shown and was admitted to have been inflicted by the gun then held by Fuselier, and that wound was the cause of death. Upon the evidence, and upon the judge's charge, under the indictment for murder, the jury returned a verdict of "guilty of manslaughter, recommended to the mercy of the court." It was contended "that under the evidence as aforesaid, and under the laws of the State of Louisiana, that said verdict so far as concerned Olivier, was ineffectual, illegal and null, in this: That Olivier, though indicted jointly as principal with Fuselier, for the crime of murder, was so indicted as one present, aiding and assisting Fuselier, the one principal in fact and by whom alone the act was shown to have been committed."

"That by the verdict rendered, no murder had been committed, and Fuselier, standing acquitted of that charge, but convicted of manslaughter, and the crime of manslaughter in law admitting of no accessories before or after the fact, Olivier, though present at the time, being shown to have taken no active part toward the infliction of the wound or otherwise, could not be held under the verdict rendered. That the verdict was not supported by, but was repugnant to law; that is, it was contrary (so far as concerns Olivier), to the evidence adduced on the trial by the State itself, and was so rendered against Olivier, owing to a misconstruction or misunderstanding of the law

95

by the jury, and under an erroneous impression that one and the same verdict must have been rendered against both defendants."

The District Court, in its reasons for overruling the motion, said: "The court admits the correctness of the proposition that there can be no accessory to manslaughter before the fact, but Olivier was not indicted, nor prosecuted as an accessory before the fact in this case —both the accused were charged as principals for murder. The verdict of the jury, finding Fuselier technically guilty of manslaughter, and Olivier substantially of that crime, cannot be construed as finding the latter guilty as an accessory before the fact, but guilty as a principal, aiding and abetting."

"The fact of Olivier's being an aider and abettor was one which it was the province of the jury to determine, and the court does not feel justified to set aside the verdict in this respect."

Appellants' position is evidently that the allegations of his motion, coupled with the reasons assigned by the District Court for its action and the declaraton made in the minutes that he had reserved a bill of exceptions, place him before the court as if the case were before us on a bill of exceptions—the allegations of the motion taking the place of the recitals of a bill and the court's reasons for overruling the motion for a new trial taking the place of the customary *addendum* of the judge to a bill.

Basing himself on the correctness of this proposition, he assumes that the District Court not having denied or negatived the statements of facts averred in the motion, they are to be taken as true by this court. Counsel is entirely wrong in supposing it to be the duty of the District Court, in overruling a motion for a new trial, to make any statements as to what the testimony was, or what it tended to show, or wherein defendants' averments in the motion were unfounded or unwarranted.

Defendant is authorized to take a bill of exception to the court's action and therein to give his version as to what he conceived had been shown on the trial, and that is the proper occasion and place for the judge either to deny defendants' assertions or to acquiesce in their correctness. He is not required at the time of overruling a motion for a new trial to assign the particular reasons which controlled his action, and he certainly would not expect, should he think proper to make known to a certain extent what those reasons were, that he should be held to have thereby admitted all the allegations of the

motion for a new trial which those reasons did not expressly reach or cover. .

There is nothing in the record by which we can come to a knowledge legally of the facts of this case. Olivier was not indicted for murder as being *"one present, aiding and assisting Fuselier,"* as asserted in the motion for a new trial. The indictment charges that one James Fuselier and Felix Olivier, unlawfully, feloniously, wilfully, and of their malice aforethought, killed and murdered Felix John. The jury having found both accused guilty of manslaughter, we are bound to assume that both parties, under the evidence, stood so circumstanced as to the commission of the crime as to warrant and legally justify that verdict.

We find no ground for setting aside the verdict and reversing the judgment.

The judgment appealed from is affirmed.